# CIRCUIT COURT OF LOUDOUN COUNTY

Delia C. Andrews

v.

Gregory M. Andrews

August 11, 1999

Case No. (Chancery) 17561

BY JUDGE JEAN HARRISON CLEMENTS

This case came back before the Court on the further motion of the Guardian *Ad Litem* to recover her fees in this case. Argument was heard by the Court and the case was taken under advisement. The Court instructed Ms. Biberaj to submit her request for fees on the Commonwealth approved form.

When this cause came before the Court at the outset, one of the significant issues of the case involved cessation of Mr. Andrews' visitation with the children. He was *pro se*. Subsequently, Mr. Andrews was incarcerated in Fairfax on a misdemeanor conviction. He filed and the court accepted his "in *forma pauperis*" request for an attorney. However, the Court did not appoint an attorney but a Guardian *Ad Litem*. In addition to the finding (of necessity) that he was indigent, the Court made a finding of disability. The Court did not recite § 8.01-9 as its basis therefor. Furthermore, the Court, having found Mr. Andrews indigent, did not assess or attempt to assess the fees against him or his estate as § 8.01-9 provides. At the time of the appointment, the Court predetermined that the fees would not be taxed against Mrs. Andrews as § 8.01-9 provides. Subsequently, the Court ordered that the Clerk file the forms for payment with the Supreme Court. From the note of F. W. Payne to Judge Chamblin of June 17, 1999, it is not clear whether the Clerk "filed" with the Supreme Court or merely called for advice and stopped with a verbal response of denial.

No judge can appoint a Guardian *Ad Litem* who is unable or unwilling to serve. And there is no suggestion here by Ms. Biberaj of either. However, no attorney will be willing to serve if he or she has no expectation of reasonable compensation. Certainly an attorney can and should have some professional obligation for *pro bono* service, but due process suggests that, if the Court intended such, the attorney should be appraised of that at the time of appointment. I am not aware that that happened in this case. Any other result, then, than payment of a reasonable Guardian *Ad Litem* fee would put a chilling effect on service by lawyers in a court-appointed capacity.

I conclude that the interests of the Andrews children as well, under these facts, required that the Court act and that the Court had the discretion to do so under § 16.1-266(D). I therefore direct that a further order be entered directing that the Clerk forthwith forward a copy of this opinion, its order, and Ms. Biberaj's statement of fees on the Commonwealth form and approved by the Court, to Robert N. Baldwin, Executive Secretary, Supreme Court of Virginia, for immediate payment.